IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04-12074-GAO

FILED
IN CLERKS OFFICE
2004 SEP 27 P 4: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE Alexander

|  |  |
|---|---|
| HOLOGIC, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| GE COMMERCIAL DISTRIBUTION ) | |
| FINANCE CORPORATION f/k/a ) | |
| DEUTSCHE FINANCIAL SERVICES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant ) | |

RECEIPT # _____
AMOUNT $ 50
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE 9/28/04

Plaintiff Hologic, Inc., by and through its attorneys, Brown Rudnick Berlack Israels LLP, as and for its Complaint against Defendant GE Commercial Distribution Finance Corporation, alleges as follows:

## NATURE OF ACTION

1. This diversity action is for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and violations of Massachusetts G.L. c. 93, §§ 2 and 11.

2. Plaintiff pled certain of the causes of action asserted in this Complaint as counterclaims (the "Counterclaims") in an adversary proceeding (the "Adversary Proceeding") commenced by the Defendant against Plaintiff in connection with the chapter 11 bankruptcy cases of MedImaging Technologies, Inc., Standard Medical Imaging, Inc., and E.M. Parker Co., Inc. (such entities, collectively, the "Debtors"), which cases were filed on May 17, 2002. The Adversary Proceeding was brought in the United States Bankruptcy Court for the District of

Maryland (Baltimore Division) (the "Bankruptcy Court"), and is styled as <u>GE Commercial Distribution Finance Corporation v. Hologic, Inc.</u>, Adv. Pro. No. 04-01264.

3.   At a hearing on August 19, 2004, the Bankruptcy Court dismissed Plaintiff's Counterclaims in the Adversary Proceeding on the ground that the Bankruptcy Court did not have jurisdiction to hear those Counterclaims.

4.   By this Complaint, Plaintiff is reasserting its Counterclaims, along with one additional claim, as causes of action in this forum, which, as indicated below, has jurisdiction to hear such claims.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(a), in that diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

6.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## PARTIES TO THIS ACTION

7.   Plaintiff Hologic, Inc. ("Plaintiff" or "Hologic") is a Delaware corporation with its principal offices located at 35 Crosby Drive, Bedford, Massachusetts. Hologic is a leading manufacturer and distributor of high-end general radiography, mammography and related products.

8.   Defendant GE Commercial Distribution Finance Corporation ("Defendant" or "GECDF") is a Nevada corporation with its principal offices located at 655 Maryville Centre Drive, St. Louis, Missouri. GECDF is a finance company and is a successor to Deutsche

Financial Services Corporation ("DFS"), the Debtors' prepetition lender. GECDF is licensed to do business in Massachusetts and has thereby submitted to the jurisdiction of courts sitting in Massachusetts. For purposes of this Complaint, GECDF or Defendant shall refer to both GECDF and DFS.

## FACTUAL ALLEGATIONS

9. The Debtors were distributors of radiography, mammography and other related products. In early 2002, Hologic was one of the largest and most important suppliers of products that the Debtors sold to their customers.

10. Before the commencement of the Debtors' bankruptcy cases, the Debtors defaulted as to certain of their obligations to Hologic, including as to the timely payment of products sold by Hologic to the Debtors. As a result of such defaults, Hologic intended to, and was legally free to, terminate its relationship with the Debtors.

11. GECDF approached Hologic, and requested that Hologic continue to do business with the Debtors. GECDF induced Hologic to continue to do business with the Debtors because if Hologic had elected not to do so GECDF would have suffered great harm on account of the decrease in value of GECDF's investments in the Debtors.

12. GECDF's inducements ultimately led to the negotiation between Hologic and GECDF of a letter agreement (the "Letter Agreement"), which provided for Hologic to continue to do business with the Debtors under certain terms. GECDF at the time had pervasive control over and domination of the Debtors, and directed the Debtors to execute the Letter Agreement. The Debtors did so.

13. Hologic faithfully and fully performed all of its obligations under the Letter Agreement. Hologic's performance conferred significant benefits upon GECDF, as it permitted GECDF to realize substantially more from its liquidation of the Debtors than if Hologic had declined to enter into the Letter Agreement, as it was free to do.

14. After liquidation of the Debtors' assets entirely or substantially for the benefit of GECDF, GECDF obtained further benefits from Hologic and the Debtors' other creditors (including a release of the claims against GECDF held by the estate) by directing the confirmation of a liquidating plan in the Debtors' bankruptcy cases (the "Plan"). Hologic, the holder of one of the largest claims in those cases, was requested and solicited to support the Plan and to accept the Plan. Hologic did so. At no time whatsoever has there been any objection asserted to Hologic's claim, and Hologic's claim is therefore deemed to be an allowed claim in all respects.

15. Pursuant to the terms of the Plan, the estate's avoidance actions under 11 U.S.C. §§ 547, 548, 550 and 553 were purportedly assigned to GECDF.

16. On February 27, 2002, GECDF commenced the Adversary Proceeding against Hologic by filing a Complaint (A) To Avoid Preferential Transfers, (B) To Seek Turn Over Of Property Of The Estate And (C) To Avoid Fraudulent Transfers (the "Adversary Proceeding Complaint"). All or substantially all of proceeds that may be recovered by GECDF in the Adversary Proceeding would be for the sole benefit of GECDF. By its Adversary Proceeding Complaint, GECDF seeks to recover from Hologic the total amount of $1,323,586.99.

17. All of the "transfers" alleged in GECDF's complaint in the Adversary Proceeding were made by GECDF, either directly or nominally by the Debtors under direction from GECDF, in exchange for the considerable benefits conferred by Hologic under the Letter Agreement.

4

18. Having reaped all of the benefits of Hologic's performance under the Letter Agreement, having induced Hologic to continue to do business with the Debtors even after the commencement of their bankruptcy cases, and having solicited Hologic's acceptance of the Plan, GECDF now seeks, by its Adversary Proceeding Complaint, to retain all of the foregoing benefits and to take back from Hologic the benefits that GECDF promised to Hologic under that same Agreement.

## COUNT I

### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

19. Hologic incorporates by reference each of the allegations set forth in paragraphs 1 through 17 of this Complaint.

20. GECDF owed and owes to Hologic a duty of good faith and fair dealing in and as to all of their agreements.

21. GECDF has breached such duty, which has caused harm and damage to Hologic.

## COUNT II

### (BREACH OF CONTRACT)

22. Hologic incorporates by reference each of the allegations set forth in paragraphs 1 through 21 of this Complaint.

23. By inducing Hologic to enter into and perform under the Letter Agreement, reaping the benefits thereof and now seeking to extract the benefits enjoyed by Hologic in exchange, GECDF has breached its agreements with Hologic, which has caused harm and damage to Hologic.

## COUNT III

### (UNJUST ENRICHMENT)

24. Hologic incorporates by reference each of the allegations set forth in paragraphs 1 through 23 of this Complaint.

25. Having reaped all of the benefits of Hologic's full performance under the Letter Agreement, GECDF has sought, by way of its Adversary Proceeding Complaint, to take back the benefits conferred on Hologic under the same. Through such a course of conduct, GECDF has been unjustly enriched, causing harm and damage to Hologic.

## COUNT IV

### (VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A)

26. Hologic incorporates by reference each of the allegations set forth in paragraphs 1 through 25 of this Counterclaim.

27. Hologic and GECDF are engaged in trade or commerce within the meaning of Massachusetts G.L. c. 93A, § 1.

28. GECDF's conduct, as described above, constitutes an unfair practice within the meaning of Massachusetts G.L. c. 93A, §§ 2 and 11.

29. The conduct of GECDF was knowing and willful.

30. Hologic has suffered actual damages as a result of GECDF's knowing and willful violations of Massachusetts G.L. c. 93A §§ 2 and 11.

31. As a result of GECDF's knowing and willful violations of Massachusetts G.L. 93A, §§2 and 11, Hologic is entitled to up to treble its actual damages incurred, plus costs of attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Hologic respectfully requests:

A.  that judgment be awarded against GECDF on Counts I, II, III and IV;

B.  that Hologic be awarded all costs and reasonable attorneys' fees in connection with its defense of the Adversary Proceeding;

C.  that Hologic be awarded all costs of this action and reasonable attorneys' fees; and

D.  that Hologic be awarded such other and further relief as the Court deems just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Hologic hereby demands a trial by jury as to all matters by which trial by jury is permitted by law in this action.

Dated: September 27, 2004

Respectfully submitted,

*/s/ William R. Baldiga*
William R. Baldiga (BBO No. 542125)
Daniel J. Saval (BBO No. 653906)
**BROWN RUDNICK BERLACK ISRAELS** LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Attorneys for Hologic, Inc.